COPY

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Deputy
3   SCOTT D. WIENER, State Bar #189266
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, 6th Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-4283
6   Facsimile:    (415) 554-3837

7   Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO,
8   ALVIN YOUNG, ANNA PAYNE, AND DON GARCIA

E-filing

ORIGINAL
FILED

MAY 2 2 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

CW

11                                          CV 08        2588

12  ERNEST JACKSON AND DAILY          Case No.
    JACKSON,
13                                     NOTICE OF REMOVAL OF ACTION
                                       UNDER 28 U.S.C. § 1441 (FEDERAL
14          Plaintiff,                 QUESTION JURISDICTION AND
                                       SUPPLEMENTAL JURISDICTION)
15      vs.                            BY DEFENDANT CITY AND COUNTY
                                       OF SAN FRANCISCO (28 U.S.C. §§
16  CITY AND COUNTY OF SAN             1441, 1446)
    FRANCISCO, HONS YUNG, TESS
17  CYNDEKI, JENNIFER NGO-CHAN         DEMAND FOR JURY TRIAL
    LINDA GORHAM, DEPUTY YOUNG,
18  ANNA PAYNE, DON GARCIA, AND        Date Action Filed:    March 28, 2008
    DOES 1-40, INCLUSIVE              Trial Date:           None Set
19          Defendants.

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE COURT AND TO PLAINTIFFS AND THEIR

COUNSEL OF RECORD:  NOTICE IS HEREBY GIVEN that the City and County of San

Francisco, Anna Payne, Don Garcia, and Alvin Young, named as defendants in the above-captioned

action, No. 473739 in the files and records of the Superior Court of California for the County of San

Francisco, hereby remove said action to the United States District Court for the Northern District of

California, pursuant to 28 U.S.C. sections 1441 and 1446, and are filing in said Superior Court a

Notice of Removal.

Defendants, pursuant to 28 U.S.C. §§1441 and 1446, present the following facts to the

Judges of the United States District Court for the Northern District of California:

A civil action bearing the above-caption was commenced in the Superior Court of California

for the County of San Francisco, as case number 473739, and is pending therein.  The complaint was

served on the City and County of San Francisco on April 23, 2008.  The complaint includes a claim

for alleged violation of plaintiffs' federal constitutional rights under 42 U.S.C. section 1983.

This action is one that may properly be removed to this Court pursuant to 28 U.S.C. sections

1441(a) and (b), because the complaint alleges a violation of plaintiffs' federal constitutional rights,

and federal question jurisdiction therefore exists.

To the extent that plaintiffs' complaint alleges a claim or cause of action other than violation

of rights under the laws of the United States, supplemental jurisdiction exists, and said causes of

action may be removed and adjudicated by this Court pursuant to 28 U.S.C. §1441(c).

Pursuant to 28 U.S.C. §1446(b), copies of the process, pleadings and other orders served

upon defendants in this action are attached as Exhibit A.  Defendants' answers and related

documents are attached as Exhibit B.

All defendants join in this removal petition.

1    WHEREFORE, defendants pray that the above action now pending in the Superior Court of

2    California for the County of San Francisco be removed in its entirety to this Court for all further

3    proceedings.

**DEMAND FOR JURY TRIAL**

4

5    Defendants demand a trial by jury in this action.

6

7

8    Dated: May 21, 2008

9

10                                   DENNIS J. HERRERA
                                     City Attorney
11                                   JOANNE HOEPER
                                     Chief Trial Deputy
12                                   SCOTT D. WIENER
                                     Deputy City Attorney
13

14                           By: _____

15                                   SCOTT D. WIENER
                                     Attorneys for Defendants
16                                   CITY AND COUNTY OF SAN FRANCISCO,
                                     DEPUTY YOUNG, ANNA PAYNE, AND
17                                   DON GARCIA

18

19

20                          **Joinder**

21    Defendants Hons Yung, Tess Cyndeki, Jennifer Ngo-Chan, and Linda Gorham join in this

22    petition for removal and consent to removal.

23

24    Dated: _May 21, 2008_

25                           _____

26                                   Harry Gower, Deputy Attorney General
                                     Counsel to Defendants Hons Yung, Tess Cyndeki,
27                                   Jennifer Ngo-Chan, and Linda Gorham

28

**EXHIBIT A**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
City and County of San Francisco, Hons Yung, Tess Cyndeki, Jennifer
Ngo-Chan Linda Gorham, Deputy Young, Anna Payne, Don Garcia, and
DOES 1-40, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Ernest Jackson and Daily Jackson

---

RECEIVED
MAYOR'S OFFICE
08 APR 23 PM 4: 42

*(FOR COURT USE ONLY)*
*(SOLO PARA USO DE LA CORTE)*

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of San Francisco
400 McAllister Street
San Francisco, CA 94103

CASE NUMBER
*(Número del Caso):* CGC-08-473739

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Fitzpatrick Vannucci, 415-981-7500, 120 Montgomery Street Suite 1600, San Francisco, CA 94104

DATE: MAR 2 8 2008      Gordon Park-Li      Clerk, by _____ M. RAYRAY _____ , Deputy
*(Fecha)*                                  *(Secretario)*                                        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010))*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* City and County of San Francisco

under  ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☒ other *(specify):* Public Entity

4. ☐ by personal delivery on *(date).*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.  www.USCourtForms.com

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
John Fitzpatrick Vannucci    #174329
Law Offices of John Fitzpatrick Vannucci
120 Montgomery Street Suite 1600
San Francisco, CA 94104
TELEPHONE NO.  415-981-7500    FAX NO.  415-981-5700
ATTORNEY FOR *(Name):*  Ernest Jackson and Daily Jackson

FOR COURT USE ONLY

ENDORSED
FILED
Superior Court of California
County of San Francisco

MAR 2 8 2008

GORDON PARK-LI, Clerk
BY:
                    Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA
BRANCH NAME:

CASE NAME:
Ernest Jackson and Daily Jackson v. City and County of SF et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-08-473730 |
| | | | JUDGE |
| | | | DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[✓] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary, declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* Twelve Causes of Action for 42 USC 1983 and related State Relief
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 28, 2008
John Fitzpatrick Vannucci
(TYPE OR PRINT NAME)                    ▶           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAR 2 8 2008

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

Law Offices of John Fitzpatrick Vannucci
120 Montgomery Street, Suite 1600
San Francisco, CA 94104
Tel: (415) 981-7500
Fax: (415) 981-5700

JOHN FITZPATRICK VANNUCCI (State Bar #174329)
Attorney for Plaintiffs Ernest Jackson and Daily Jackson

CASE MANAGEMENT CONFERENCE SET

AUG 2 9 2008 -9⁰⁰AM

DEPARTMENT 212

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

Ernest Jackson and Daily Jackson

    Plaintiff,

    v.

City and County of San Francisco, Hons Yung,
Tess Cyndeki, Jennifer Ngo-Chan Linda
Gorham, Deputy Young, Anna Payne. Don
Garcia, and DOES 1-40, INCLUSIVE

    Defendants.

CGC-08-473729

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS

## JURISDICTION

1.    This action arises under Title 42 of the United States Code, Section 1983, for which this Court has jurisdiction (Pitts v. County of Kern, (1998) 17 Cal. 4ᵗʰ 340) and under respective provisions of California Law. The unlawful acts and practices alleged occurred in the City and County of San Francisco, State of California, which is within this judicial district.

2.    On or about September 28, 2007, plaintiffs presented to defendant City and County of San Francisco claims for the injuries, disability, losses and damages suffered and incurred by

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount Exceeds $25,000.)

1  plaintiffs by reason of the occurrence described herein, all in compliance with the requirements of

2  §910 of the California Government Code. These claims were rejected on or about October 4, 2007.

3  **PARTIES**

4      3.      Plaintiff Ernest Jackson is all times herein mentioned a resident of Daly City, County

5  of San Mateo, State of California.

6      4.      Plaintiff Daily Jackson is at all times herein a resident of City of Dallas, State of

7  Texas.

8      5.      Defendant CITY AND COUNTY OF SAN FRANCISCO [hereinafter "CITY"] is a

9  municipal corporation, duly organized and existing under the laws of the State of California.

10      6.      Defendant Hons Yung [hereinafter "YUNG"] is and at all times herein mentioned

11  was employed as a Deputy Clerk for Defendant City and County of San Francisco. Defendant

12  YUNG is sued individually and in his capacity as a Deputy Clerk for the CITY.  By engaging in the

13  conduct described herein, Defendant YUNG acted under color of law and in the course and scope of

14  his employment for Defendant CITY.  By engaging in the conduct described herein, Defendant

15  YUNG exceeded the authority invested in him as a deputy clerk under the U.S. Constitution, the

16  Constitution of the State of California, and as an employee of the CITY.

17      7.      Defendant Tess Cyndecki [hereinafter "CYNDECKI"] is and at all times herein

18  mentioned was employed as a Deputy Clerk for Defendant City and County of San Francisco.

19  Defendant CYNDECKI is sued individually and in her capacity as an Accounting Clerk for the

20  CITY.  By engaging in the conduct described herein, Defendant CYNDECKI acted under color of

21  law and in the course and scope of her employment for Defendant CITY. By engaging in the conduct

22  described herein, Defendant CYNDECKI exceeded the authority invested in her as an accounting

23  clerk under the U.S. Constitution, the Constitution of the State of California, and as an employee of

24  the CITY.

25      8.      Defendant JENNIFER NGO-CHAN [hereinafter "NGO-CHAN"] is and at all times

26  herein mentioned was employed as a Probate Supervisor for Defendant City and County of San

27  Francisco. Defendant NGO-CHAN is sued individually and in her capacity as a Probate Supervisor

28  
2
COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount<br>Exceeds $25,000.)

1  for the CITY.  By engaging in the conduct described herein, Defendant NGO-CHAN acted under

2  color of law and in the course and scope of her employment for Defendant CITY.  By engaging in

3  the conduct described herein, Defendant NGO-CHAN exceeded the authority invested in her as a

4  probate supervisor under the U.S. Constitution, the Constitution of the State of California, and as an

5  employee of the CITY.

6      9.     Defendant Linda Gorham [hereinafter "GORHAM"] is and at all times herein

7  mentioned was employed as a Court Manager for Defendant City and County of San Francisco.

8  Defendant GORHAM is sued individually and in her capacity as a Court Manager for the CITY.  By

9  engaging in the conduct described herein, Defendant GORHAM acted under color of law and in the

10 course and scope of her employment for Defendant CITY. By engaging in the conduct described

11 herein, Defendant GORHAM exceeded the authority invested in her as a probate supervisor under

12 the U.S. Constitution, the Constitution of the State of California, and as an employee of the CITY.

13     10.    At all times mentioned herein, Defendant DEPUTY YOUNG [hereinafter referred to

14 as "YOUNG"] was employed as a senior deputy for Defendant CITY with badge or star number

15 1479. Defendant YOUNG is sued individually and in his capacity as a senior deputy for the CITY.

16 By engaging in the conduct described herein, Defendant YOUNG acted under color of law and in the

17 course and scope of his employment for Defendant CITY.  By engaging in the conduct described

18 herein, Defendant YOUNG exceeded the authority invested in him as a senior deputy under the U.S.

19 Constitution, the Constitution of the State of California, and as an employee of the CITY.

20     11.    At all times mentioned herein, Defendant PAYNE [hereinafter referred to as

21 "PAYNE"] was employed as a senior deputy for Defendant CITY with a badge or star number 322.

22 Defendant PAYNE is sued individually and in her capacity as a senior deputy for the CITY.  By

23 engaging in the conduct described herein, Defendant PAYNE acted under color of law and in the

24 course and scope of her employment for Defendant CITY.  By engaging in the conduct described

25 herein, Defendant PAYNE exceeded the authority invested in her as a senior deputy under the U.S.

26 Constitution, the Constitution of the State of California, and as an employee of the CITY.

27     12.    At all times mentioned herein, Defendant DON GARCIA [hereinafter referred to as

28

3

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount
Exceeds $25,000.)

1    "GARCIA"] was employed as a deputy for Defendant CITY with a badge or star number of 1675.

2    Defendant GARCIA is sued individually and in his capacity as a deputy for the CITY. By engaging

3    in the conduct described herein, Defendant GARCIA acted under color of law and in the course and

4    scope of his employment for Defendant CITY. By engaging in the conduct described herein,

5    Defendant GARCIA exceeded the authority invested in him as a deputy under the U.S. Constitution,

6    the Constitution of the State of California, and as an employee of the CITY.

7        13.    Plaintiffs are ignorant of the true names and capacities of Defendant DOES 1 through

8    40, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs are informed

9    and believe and thereon allege that each Defendant so named is responsible in some manner for the

10    injuries and damages suffered by plaintiff as set forth herein. Plaintiffs will amend this complaint to

11    state the true names and capacities of Defendant DOES 1 through 40, inclusive, when they have

12    been ascertained.

13        14.    At all times herein mentioned each named and each DOE Defendant was the agent or

14    employee of Defendant CITY, and in doing the things alleged, were acting within the course and

15    scope of such agency or employment, and with the actual or implied permission, consent,

16    authorization, and approval of Defendant CITY.

17                              **STATEMENT OF FACTS**

18        15.    On March 29, 2007, at approximately 11:25 am, plaintiffs ERNEST JACKSON and

19    DAILY JACKSON were lawfully at the Civic Center Courthouse at 400 McAllister Street, City and

20    County of San Francisco, State of California [herein after referred as the "PREMISES."]

21        16. On or about 11:25 am, Plaintiff Ernest Jackson and Plaintiff Daily Jackson arrived at

22    Room 103 of the PREMISES. At around noon, the plaintiffs stepped up to a service window and

23    were attended by Defendant Yung. Plaintiff Daily Jackson was filing a petition to probate his uncle's

24    estate. The filing fee for the petition was $385. Plaintiff Daily Jackson had a roll of United States

25    Currency of approximately $1,500 in cash. Plaintiff Daily Jackson removed three $100 bills and the

26    rest in smaller denominations. He paid Defendant YUNG $390 (hereafter referred to as the

27

28

4

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount Exceeds $25,000.)

1    CURRENCY.)

2        17. Upon receiving $390, Defendant YUNG informed Plaintiffs that he would need to go to

3    the back to get the $5 change. This was a misrepresentation. Defendants YUNG, CYNDECKI,

4    NGO-CHAN and Does 1 through 15 discussed "suspicions" about the CURRENCY they received

5    from Plaintiff Daily Jackson and they discussed that plaintiffs were "African American males."

6    Defendants YUNG, CYNDECKI, NGO-CHAN and Does 1 through 15 proceeded to mark the

7    CURRENCY with a counterfeit-detecting pen to determine its authenticity. Even though their

8    marking procedure did not indicate the CURRENCY was counterfeit, these defendants still

9    expressed the circumstances were "suspicious."   Defendant GORHAM and Does 16-20 conferred

10    with Defendants YUNG, CYNDECKI, NGO-CHAN and Does 1 through 15 and told those

11    defendants to detain plaintiffs and call law enforcement. Defendants YUNG, CYNDECKI, NGO-

12    CHAN and Does 1 through 15 detained plaintiffs Ernest and Daily Jackson by slowly processing the

13    probate filing and by lying to plaintiffs and telling plaintiffs they had to get change when, in fact,

14    they was conspiring to detain plaintiffs at the PREMISES until said defendants could call San

15    Francisco Sheriff's Deputies and until those deputies could arrive and continue the detention.

16        18. Defendants YOUNG, PAYNE, GARCIA and Does 21 through 40 arrived at the scene at

17    approximately 1:00 pm. They spoke with Defendants YUNG, CYNDECKI, NGO-CHAN and Does

18    1 through 15 and then approached Plaintiffs. Defendants YOUNG, PAYNE, GARCIA and Does 21

19    through 40 determined that plaintiff Daily Jackson, and not plaintiff Ernest Jackson, had given the

20    CURRENCY to the clerk and that plaintiff Ernest Jackson had provided no currency to anyone at the

21    PREMISES. Defendants YOUNG, PAYNE, GARCIA and Does 21 through 40 informed plaintiffs

22    that the CURRENCY was suspected to be counterfeit and those defendants instructed both plaintiffs

23    to remove all their U.S. Currency from their pockets. Plaintiffs complied. Defendants YOUNG,

24    PAYNE, GARCIA and Does 21 through 40 then proceeded to mark that money with a counterfeit-

25    detecting pen. None of that currency was counterfeit, nor was the subject CURRENCY. During this

26    time, plaintiffs were surrounded by approximately six sheriff's deputies in the full view of all the

27

28

5

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount
Exceeds $25,000.)

1   people in Room 103 of the PREMISES.

2       19. Plaintiffs ERNEST JACKSON and DAILY JACKSON were then moved to the holding

3   area on the fourth floor of the PREMISES. Plaintiffs were locked in separate holding cells and kept

4   there for approximately two additional hours.  Plaintiffs were released at approximately 3:00 p.m. to

5   finish conducting their business they had started at 11:30 a.m. in Room 103 of the PREMISES.

6

7                                    **DAMAGES**

8       20.     As a direct result of the herein-referenced actions of all defendants, Plaintiffs were

9   injured in their health, strength and activities, sustaining shock and injury to their nervous systems

10  and persons, all of which said injuries have caused and continue to cause them great mental and

11  nervous pain and suffering.

12      21.     Further, Plaintiffs have suffered extreme emotional distress in that they have suffered

13

14  and endured humiliation, fear, embarrassment, emotional and mental anguish and extreme emotional

15  distress. Plaintiffs have suffered emotional damage which has manifested itself in impairment of

16  their earning capacity.

17      22.     The conduct of Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG,

18  PAYNE, GARCIA and Does 1 through 40 was malicious, fraudulent and oppressive. Plaintiffs are

19  therefore entitled to an award of punitive damages against Defendants YUNG, CYNDEKI, NGO-

20  CHAN, GORHAM, YOUNG, PAYNE, GARCIA and Does 1 through 40.

21

22      23.     Plaintiffs found it necessary to engage the services of private counsel to vindicate

23  their rights under the law.  Plaintiffs are therefore entitled to an award of all attorneys' fees incurred

24  in relation to this action for redress for violation of their civil rights.

25                              **FIRST CAUSE OF ACTION**
                                    (42 U.S.C. §1983)
26                              (Against All Defendants)

27

28                                        6
    COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount
                        Exceeds $25,000.)

24.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 23 of this complaint.

25.    In doing the acts complained of, Defendants acted under color of law to deprive the Plaintiffs of certain constitutionally protected rights, including, but not limited to:

a.    The right to be free from unreasonable search and seizure, as guaranteed by the Fourth Amendment to the United States Constitution;

b.    The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.    The right to be free from the use of excessive force by peace officers, which is guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

d.    The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

e.    The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

f.    The right of freedom of speech, as protected by the First Amendment to the United States Constitution.

26.    As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered injuries and damages as set forth in paragraphs 20 through 23, above.

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## SECOND CAUSE OF ACTION
(42 U.S.C. §1983 Monell)
(Against defendant CITY)

27.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 26 of this complaint.

28.    Defendant CITY, by and through its supervisory officials and employees, has been given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by Defendant peace officers herein and other CITY peace officers, constituting the use of unnecessary and excessive force against citizens and false arrests of citizens. Despite said notice, Defendant

7

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount Exceeds $25,000.)

1  CITY has demonstrated deliberate indifference to this pattern and practices of constitutional

2  violations by failing to take necessary, appropriate, or adequate measures to prevent the continued

3  perpetuation of said pattern of conduct by CITY peace officers. This lack of adequate supervisorial

4  response by Defendant CITY demonstrates ratification of the Defendant Officers' unconstitutional

5  acts, as well as the existence of an informal custom or policy which tolerates and promotes the

6  continued use of excessive force against and violation of civil rights of citizens by CITY sheriff

7  deputies.

8      29.    The acts of Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG,

9  PAYNE, GARCIA and Does 1 through 40 alleged herein are the direct and proximate result of the

10  deliberate indifference and policy and/or practice of Defendant CITY and its supervisory officials

11  and employees to violations of the constitutional rights of citizens by Defendant sheriff deputies and

12  peace officers herein, and other members of the CITY's employ. The Plaintiffs' injuries were

13  foreseeable and a proximate result of the deliberate indifference of the CITY to the pattern, practices,

14  customs, and policies described above.

15      WHEREFORE, Plaintiffs pray for relief as set forth herein.

16                          **THIRD CAUSE OF ACTION**
                              (42 U.S.C. §1981)

17  (Against Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA
   and Does 1 through 40)

18

19      30. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 29 of this

20  complaint.

21      31.    In committing the wrongful acts described herein above, Defendants YUNG,

22  CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and Does 1 through 40 engaged

23  in the racially-motivated misuse of government power.

24      32.    The above-described acts of Defendants YUNG, CYNDEKI, NGO-CHAN,

25  GORHAM, YOUNG, PAYNE, GARCIA and Does 1 through 40 further deprived plaintiffs of their

26  rights protected by 42 U.S.C. §1981, to the full and equal benefit of all laws and proceedings for the

27  security of persons and property that are enjoyed by citizens, and to be subject to like punishment,

28

8

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount
Exceeds $25,000.)

1  pains, penalties, and exactions of every kind, and to no other.

2      33.    The conduct of Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG,

3  PAYNE, GARCIA and Does 1 through 40 were committed with the intent to deprive plaintiffs of the

4  above-described rights.

5      34.    The wrongful conduct of Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM,

6  YOUNG, PAYNE, GARCIA and Does 1 through 40 proximately resulted in plaintiffs suffering

7  injuries and damages as set forth in paragraphs 20 through 23, above.

8      WHEREFORE, Plaintiffs pray for relief as set forth herein.

9                    **FOURTH CAUSE OF ACTION**
                        (California Civil Code §51.7)

10     (Against YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and
   Does 1 through 40)

11     35.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 34 of this

12  complaint.

13     36.    Plaintiffs are informed and believe and thereon allege that the instant conduct based

14  upon a past pattern and practice of similar conduct of YUNG, CYNDEKI, NGO-CHAN, GORHAM,

15  YOUNG, PAYNE, GARCIA and Does 1 through 40, as described herein, was motivated by racial

16  prejudice against the Plaintiffs.  By engaging in such conduct, Defendants YUNG, CYNDEKI,

17  NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and Does 1 through 40 violated Plaintiffs'

18  rights under California Civil Code §51.7 to be free from violence or intimidation by threat of

19  violence committed against them because of their race, color or ancestry.

20     37.    Under the provisions of California Civil Code §52(b), Defendants YUNG,

21  CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and Does 1 through 40 are

22  liable for each and every offense for exemplary damages, for civil penalties of twenty-five thousand

23  dollars ($25,000) in addition thereto, and for the payment of Plaintiffs' attorney's fees.

24     38.    As a proximate result of Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM,

25  YOUNG, PAYNE, GARCIA and Does 1 through 40's wrongful conduct, Plaintiffs suffered

26  damages as set forth in paragraphs 20 through 23, above.

27     WHEREFORE, Plaintiff prays for relief as set forth herein.

                                    9

28  COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount
                    Exceeds $25,000.)

1

2

## FIFTH CAUSE OF ACTION
### (Assault and Battery)

3 (Against YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and
Does 1 through 40)

4

39.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 38 of this

5 complaint.

6

40.    Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE,

7 GARCIA and Does 1 through 40 placed the Plaintiffs in immediate fear of severe bodily harm by

8 physically seizing and conspiring to seize them without any just provocation or cause.

9

41.    Plaintiffs did not consent to this offensive contact.  The conduct of Defendants

10 YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and Does 1 through 40

11 was neither privileged nor justified under statute or common law.

12

42.    The conduct of Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG,

13 PAYNE, GARCIA and Does 1 through 40 proximately resulted in Plaintiffs suffering damages as set

14 forth in paragraphs 20 through 23, above.

15

WHEREFORE, plaintiffs pray for relief as set forth herein.

16

## SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

17 (Against YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and
Does 1 through 40)

18

19

43.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 42 of this

20 complaint.

21

44.    The conduct of Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG,

22 PAYNE, GARCIA and Does 1 through 40, as set forth herein, was willful, and was done with the

23 intent to inflict and did cause severe mental and emotional distress upon the Plaintiffs.

24

WHEREFORE, Plaintiffs pray for relief as set forth herein.

25

## SEVENTH CAUSE OF ACTION
### (Negligence)

26 (Against YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and
Does 1 through 40)

27

45.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 44 of this

10

28

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount
Exceeds $25,000.)

1   complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton,

2   and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

3       46.     At all times herein mentioned, Defendants YUNG, CYNDEKI, NGO-CHAN,

4   GORHAM, YOUNG, PAYNE, GARCIA and Does 1 through 40 were subject to a duty of care, to

5   avoid causing unnecessary physical harm and distress to citizens in the exercise of their peace officer

6   functions as well as in the exercise of conduct as non-law enforcement CITY employees.  The

7   conduct of Defendants YOUNG, PAYNE and GARCIA and Does 1 through 30, as set forth herein,

8   did not comply with the standard of care to be exercised by reasonable peace officers nor did it

9   comply with sheriff department or investigatory procedures, and proximately caused Plaintiffs to

10  suffer damages as set forth.  The conduct of defendants YUNG, CYNDEKI, NGO-CHAN,

11  GORHAM and Does 31 through 40 did not comply the standard of care of a reasonable person, of

12  people employed with the Court Clerk's office, nor did it comply with the laws of the State of

13  California, and proximately caused Plaintiffs to suffer damages as set forth in paragraphs 20, 21 and

14  23, above.

15          WHEREFORE, Plaintiffs pray for relief as set forth herein.

16                      **EIGHTH CAUSE OF ACTION**
                  (Negligent Selection, Training, Retention,
17              Supervision, Investigation, and Discipline)
                              (Against CITY)

18      47.     Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 46 of this

19  complaint.

20      48.     Defendant CITY has, and at all times mentioned herein had, a mandatory duty of care

21  to properly and adequately select, train, retain, supervise, investigate, and discipline Defendants

22  YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and Does 1 through 40

23  herein so as to avoid unreasonable risk of harm to citizens.

24      49.     Defendant CITY by and through its supervisory officials and employees, has been

25  given notice on repeated occasions of a pattern of ongoing constitutional violations and practices by

26  Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and Does 1

27  through 40, and other CITY sheriff's deputies and other officials, including the use of unnecessary

28
                    COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount
                                        Exceeds $25,000.)

1   and excessive force against citizens and the deprivation of their liberty and property without good

2   cause and illegal search and seizure without probable cause or a search warrant.

3        50.    Despite this notice, Defendant CITY has demonstrated deliberate indifference to this

4   pattern and practice of constitutional violations by failing to take necessary, appropriate, or adequate

5   measures to prevent this continued perpetuation of this pattern of conduct by CITY Sheriff's

6   Deputies, Court Clerk Officials, and YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG,

7   PAYNE, GARCIA and Does 1 through 40

8        51.    Defendant CITY breached its duty of care to citizens in that they have failed to

9   adequately train Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE,

10   GARCIA and Does 1 through 40 and other CITY peace officers and officials, in the proper use of

11   force in the course of their employment as peace officers and officials. This lack of an adequate

12   supervisorial response by Defendant CITY and lack of adequate supervisorial training, demonstrates

13   the existence of an informal custom or policy which tolerates and promotes the continuing use of

14   excessive force against and violation of civil rights of citizens by CITY peace officers, officials and

15   YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and Does 1 through

16   40.

17        52.    The wrongful conduct of Defendant CITY proximately resulted in Plaintiffs suffering

18   damages as set forth in paragraphs 20 through 23, above.

19       WHEREFORE, Plaintiffs pray for relief as set forth herein.

20   **NINTH CAUSE OF ACTION**
(Respondeat Superior)
(Against CITY)

21

22        53.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 52 of this

23   complaint.

24        54.    Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE,

25   GARCIA and Does 1 through 40 committed the acts described above within the course and scope of

26   their employment as peace officers and officials for the CITY.

27        55.    Defendant CITY is therefore liable under all causes of action brought against

28

12

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount
Exceeds $25,000.)

1  Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and Does 1

2  through 40 herein for the injuries and damages suffered by Plaintiffs as set forth herein.

3      WHEREFORE, Plaintiffs pray for relief as set forth herein.

4                          **TENTH CAUSE OF ACTION**

5                          (California Civil Code §52.1)

6                          (Against All Defendants)

7      56.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 55 of this

8  complaint.

9      57.    The conduct of defendant YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG,

10  PAYNE, GARCIA and Does 1 through 40 as described herein violated California Civil Code §52.1

11  in that they interfered with plaintiffs' exercise and enjoyment of their civil rights, as enumerated

12  above, through use of wrongful force.

13      58.    As a direct and proximate result of defendants' violations of Civil Code §52.1,

14  plaintiffs suffered a violation of their constitutional rights, and suffered damage as set forth herein.

15      59. Since the conduct of defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM,

16  YOUNG, PAYNE, GARCIA and Does 1 through 40 occurred in the course and scope of their

17  employment, defendant CITY is therefore liable to plaintiffs pursuant to respondeat superior.

18      60.  Plaintiffs are entitled to injunctive relief and an award of reasonable attorneys' fees

19  pursuant to Civil Code §52.1(h).

20      WHEREFORE, Plaintiffs pray for relief as set forth herein.

21                          **ELEVENTH CAUSE OF ACTION**

22                          (For False Imprisonment)

23      (Against Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE,

24  GARCIA and Does 1 through 40)

25      61. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 60 of this

26  complaint.

27      62.    Defendants intentionally deprived plaintiffs of their freedom of movement by use of

                                    13

28  COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount
                        Exceeds $25,000.)

1 physical force and menace.

2     63.    Plaintiffs did not consent to this deprivation of freedom of movement.

3     64.    These actions of defendants caused plaintiffs the harm and damages referenced

4 herein.

5     WHEREFORE, Plaintiffs pray for relief as set forth herein.

6
### TWELFTH CAUSE OF ACTION

7 (Arrest Without Warrant)

8     (Against Defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE,

9 GARCIA and Does 1 through 40)

10     65.    Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 64 of this

11 complaint.

12     66.    Defendants intentionally caused plaintiffs to be arrested without a warrant and

13 arrested plaintiffs without a warrant.

14     67.    At that time, defendants did not reasonably believe that plaintiffs committed any

15 crime.

16     68.    These actions of defendants caused plaintiffs the harm and damages referenced

17 herein.

18     WHEREFORE, Plaintiffs pray for relief as set forth herein.

19

20
### JURY DEMAND

21     69. Plaintiffs hereby demand a jury trial in this action.

22

23

24
### PRAYER

25     WHEREFORE, Plaintiffs pray for relief as follows:

26     1.    General damages according to proof at trial;

27     2.    Special damages according to proof at trial;

28

14

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount Exceeds $25,000.)

3.    Punitive damages against individually-named defendants YUNG, CYNDEKI, NGO-CHAN, GORHAM, YOUNG, PAYNE, GARCIA and Does 1 through 40 according to proof at trial;

4.    Exemplary damages and a civil penalty of $25,000 for each violation against Plaintiff of Civil Code §52.1(b) and reasonable attorneys' fees, pursuant to Civil Code §52.1(h);

5.  Reasonable attorneys' fees pursuant to 42 U.S.C. §1988;

6.    Costs of suit incurred herein;

7.    Interest at the legal rate;

8.    Such other and further relief as the Court may deem just and proper.


Dated: March 28, 2008                    Law Offices of John Fitzpatrick Vannucci


JOHN FITZPATRICK VANNUCCI
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS (Amount Exceeds $25,000.)

CASE NUMBER: CGC-08-4\_\_\_39  ERNEST JACKSON et al VS. \_\_\_ AND COUNTY OF SAN F

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

|  |  |
|---|---|
| **DATE:** | **AUG-29-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
|  | **400 McAllister Street** |
|  | **San Francisco, CA  94102-3680** |

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

**Alternative Dispute Resolution (ADR)
Program Information Package**

# Alternatives to Trial

## There are other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint.  (CRC 201.9(c))

**Superior Court of California
County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy.  Attorneys are encouraged to share this guide with clients.  By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

1)    Judicial Arbitration
2)    Mediation
3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony.  The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.  When the Court orders a case to arbitration it is called judicial arbitration.  The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration.  Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

### Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

### Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

### Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

### Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

### Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar.  The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute.  The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference.  A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement.  The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case.  The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court.  Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

### Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA 94102-4514

|  |  |
|---|---|
| Plaintiff<br><br>v.<br><br><br>Defendant | Case No. _____<br><br>**STIPULATION TO ALTERNATIVE<br>DISPUTE RESOLUTION** |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

- ☐ Private Mediation       ☐   Mediation Services of BASF   ☐   **Judicial Mediation**
- ☐ Binding arbitration                                          Judge _____
- ☐ Non-binding judicial arbitration                            Judge _____
- ☐ BASF Early Settlement Program
- ☐ Other ADR process (describe) _____

**Plaintiff(s) and Defendant(s) further agree as follows:**

_____

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|

☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant              Dated: _____


| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|

☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant              Dated: _____


| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|

☐  Plaintiff   ☐  Defendant   ☐  Cross-defendant              Dated: _____


☐  *Additional signature(s) attached*

ADR-2  3/06                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:          FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date:          Time:          Dept.:          Div.:          Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint (describe, including causes of action):

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐ Additional representation is described in Attachment 8.

9.   **Preference**
☐ This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.   Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply):*

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

a.    ☐ Insurance carrier, if any, for party filing this statement *(name):*

b.    Reservation of rights:    ☐ Yes    ☐ No

c.    ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy    ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**

a.    ☐ There are companion, underlying, or related cases.
(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:
☐ Additional cases are described in Attachment 14a.

b.    ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____    ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____    ► _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]              **CASE MANAGEMENT STATEMENT**              Page 4 of 4



# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

## Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

| | |
|---|---|
| The Honorable David J. Ballati | The Honorable James J. McBride |
| The Honorable Anne Bouliane | The Honorable Kevin M. McCarthy |
| The Honorable Ellen Chaitin | The Honorable John E. Munter |
| The Honorable Robert L. Dondero | The Honorable Ronald Quidachay |
| The Honorable Ernest H. Goldsmith | The Honorable A. James Robertson, II |
| The Honorable Harold E. Kahn | The Honorable John K. Stewart |
| The Honorable Patrick J. Mahoney | The Honorable Mary E. Wiss |
| The Honorable Tomar Mason | |

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

**EXHIBIT B**



COPY

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  SCOTT D. WIENER, State Bar #189266
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6ᵗʰ Floor
5  San Francisco, California 94102-5408
   Telephone:   (415) 554-4283
6  Facsimile:   (415) 554-3837

7  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
8  ALVIN YOUNG, ANNA PAYNE, AND DON GARCIA

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12  ERNEST JACKSON AND DAILY          Case No. CGC-08-473739
    JACKSON,
13                                    ANSWER OF DEFENDANTS TO
                                      PLAINTIFFS' COMPLAINT FOR
14            Plaintiff,              DAMAGES FOR VIOLATION OF
                                      CIVIL RIGHTS
15       vs.
                                      Date Action Filed:    March 28, 2008
16  CITY AND COUNTY OF SAN            Trial Date:           None Set
    FRANCISCO, HONS YUNG, TESS
17  CYNDEKI, JENNIFER NGO-CHAN
    LINDA GORHAM, DEPUTY YOUNG,
18  ANNA PAYNE, DON GARCIA, AND
    DOES 1-40, INCLUSIVE
19
            Defendants.
20

21

22

23

24

25

26

27

28

1    Defendants City and County of San Francisco, Alvin Young, Anna Payne, and Don Garcia

2  hereby answer plaintiffs' unverified complaint as follows:

3    Pursuant to California Code of Civil Procedure Section 431.30, defendants deny each and

4  every allegation contained in plaintiffs' complaint.

5    Defendants deny that plaintiffs have been damaged in any sum or sums, or otherwise, or at

6  all, by reason of any act or omission of defendants.

7                              **AFFIRMATIVE DEFENSES**

8                            **First Affirmative Defense**

9    The complaint fails to state facts sufficient to constitute a cause of action against these

10  answering defendants.

11                          **Second Affirmative Defense**

12    The City and County of San Francisco, a public entity, is immune from liability for

13  exemplary damages herein pursuant to the provisions of Section 818 of the California Government

14  Code.

15                            **Third Affirmative Defense**

16    Plaintiffs were comparatively negligent in and about the matters and activities alleged in the

17  complaint; said comparative negligence contributed to and was a proximate cause of plaintiffs'

18  alleged injuries and damages, if any, or was the sole cause thereof; and if plaintiffs are entitled to

19  recover damages against defendants by virtue of said complaint, defendants pray that the recovery be

20  diminished or extinguished by reason of the negligence of the plaintiffs in proportion to the degree

21  of fault attributable to the plaintiffs.

22                            **Fourth Affirmative Defense**

23    Plaintiffs assumed the risk of injury, and her claim is therefore barred.

24                             **Fifth Affirmative Defense**

25    The deputy or deputies involved at all times acted with probable cause and/or reasonable

26  suspicion and were therefore justified in detaining, arresting, restraining, and/or using force on

27  Plaintiffs.

28

1

### Sixth Affirmative Defense

2       The deputy or deputies involved acted in accordance with and pursuant to §§834, 834a 835,

3    835a, 835, and 836.5 of the California Penal Code.

4

### Seventh Affirmative Defense

5       The deputies are entitled to absolute or qualified immunity.

6

### Eighth Affirmative Defense

7       Plaintiffs' complaint is barred by the doctrine of res judicata and/or collateral estoppel.

8

### Ninth Affirmative Defense

9       Defendants are immune from liability because the involved deputy or deputies were acting to

10   execute or enforce the law.

11

### Tenth Affirmative Defense

12      Defendants are immune from liability because the involved deputy or deputies were

13   instituting or prosecuting a judicial or administrative proceeding.

14

### Eleventh Affirmative Defense

15      Any force that the involved officer or deputies used against Plaintiffs was reasonable,

16   privileged, and justified in light of the circumstances at issue and in light of plaintiffs' own actions

17   and conduct.

18

### Twelfth Affirmative Defense

19      Plaintiffs knowingly, voluntarily and/or willingly consented to the use of force upon their

20   persons.

21

### Thirteenth Affirmative Defense

22      The City is immune for an injury to any prisoner, pursuant to Government Code section

23   844.6.

24

### Thirteenth Affirmative Defense

25      No more force was used on plaintiffs' persons than was necessary to effect detention,

26   overcome any resistance thereto, prevent escape therefrom, prevent injury to the deputies, and/or to

27   facilitate and safeguard a valid police investigation and/or arrest.

28

### Fourteenth Affirmative Defense

1    At all times mentioned in the complaint, the plaintiffs acted in a careless, reckless, wanton

2    and negligent manner in and about the matters set forth in the complaint; such careless, reckless,

3    wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained

4    or claimed by plaintiffs; and as a consequence, plaintiffs' claim is barred.

## Fifteenth Affirmative Defense

6    The employees, officials and agents of defendants were at all times material hereto acting

7    with both subjective and objective good faith, such that any claim for relief that plaintiff may have is

8    barred by law.

## Sixteenth Affirmative Defense

10    The complaint is barred by the provisions and immunities of the California Tort Claims Act,

11    without limitation:  Government Code Sections 815; 815.2; 815.3; 815.4; 815.6; 816; 818; 818.2;

12    818.4; 818.5; 818.6; 818.7; 818.8; 818.9; 820; 820.2; 820.21; 820.25; 820.4; 820.6; 820.8; 820.9;

13    821; 821.2; 821.4; 821.5; 821.6; 821.8; 822; 822.2; 823; 825; 825.4; 825.6; 827; 830; 830.1; 830.2;

14    830.4; 830.5; 830.6; 830.8; 830.9; 831; 831.2; 831.21; 831.25; 831.3; 831.4; 831.5; 831.6; 831.7;

15    831.8; 835; 835.2; 835.4; 840; 840.2; 840.4; 840.6; 844; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846;

16    850; 850.2; 850.4; 850.6; 850.8; 854; 854.2; 854.3; 854.4; 854.5; 854.8; 855; 855.2; 855.4; 855.6;

17    855.8; 856; 856.2; 856.4; 856.6; 860; 860.2; 860.4; 862; 865; 866; 867; 895; 895.2; 895.4; 895.6;

18    895.8.  Under California law, these defendants are liable only pursuant to statute.

## Seventeenth Affirmative Defense

20    Plaintiffs failed to comply with the claims requirements with respect to suits against public

21    entities, pursuant to Government Code Sections 900-915.4, 930-951 inclusive and other applicable

22    statutes.

## Eighteenth Affirmative Defense

24    Plaintiffs failed to comply with the statute of limitations pursuant to California Code of Civil

25    Procedure §340 and 342, and other applicable statutes.

## Nineteenth Affirmative Defense

27    Plaintiffs failed to exercise reasonable care and diligence to mitigate plaintiffs' alleged

28    damages.

1

### Twentieth Affirmative Defense

2    Defendants allege that the fault of persons other than defendants contributed to and

3    proximately caused any occurrence described in the Complaint, and that under the principles of

4    *American Motorcycle Ass'n v. Superior Court* (1978) 20 Cal.3d 578, the percentage of such

5    contribution should be established by special verdict or other procedure, and that defendants'

6    ultimate liability be reduced to the extent of such contribution.

7

### Twenty-First Affirmative Defense

8    In the event that defendants are found to be liable – which liability is specifically denied and

9    stated merely for the purposes of this affirmative defense – such liability, if any, for non-economic

10    damages shall be several, and not joint, pursuant to the California Fair Responsibility Act of 1986

11    (Proposition 51) as set forth in Section 1432 <u>et seq</u> of the California Civil Code. Defendants request

12    that the trier of fact be instructed that the amount of non-economic damages be allocated in direct

13    proportion to the percentage of fault, if any, assessed against each person or entity to which the Act

14    applies and that a separate judgment be rendered against each such person or entity in the amount of

15    such non-economic damages attributable to that person or entity.

16

### Twenty-Second Affirmative Defense

17    The provisions of the Tort Claims Act of the California Government Code as a measure of

18    the duty of defendants.

19

### Twenty-Third Affirmative Defense

20    Any injury to Plaintiffs were caused by his own resistance and not by any actions of the

21    officers.

22

### Twenty-Fourth Affirmative Defense

23    Defendants presently has insufficient knowledge or information on which to form a belief as

24    to whether it may have additional, as yet unstated, defenses available. Defendants reserve the right

25    to assert additional defenses in the event that discovery indicates that they would be appropriate.

26    WHEREFORE, defendants pray for judgment as follows:

27    1.    That plaintiffs take nothing from Defendants by plaintiffs' complaint.

28

1      2.    That the Court dismiss plaintiffs' complaint with prejudice and enter judgment in

2  favor of Defendants;

3      3.    That the Court award Defendants their attorneys fees and costs of suit herein

4  incurred; and

5      4.    That the Court award such additional relief as the Court deems just and proper.

6

7  Dated:  May 19, 2008

8

                          DENNIS J. HERRERA
9                         City Attorney
                          JOANNE HOEPER
10                        Chief Trial Deputy
                          SCOTT D. WIENER
11                        Deputy City Attorney

12

13                   By:_____

14                        SCOTT D. WIENER
                          Attorneys for Defendants
15                        CITY AND COUNTY OF SAN FRANCISCO,
                          DEPUTY YOUNG, ANNA PAYNE, AND
16                        DON GARCIA

17

18

19

20

21

22

23

24

25

26

27

28

1  **JACKSON, ET AL. V. CCSF, ET AL. – SF SUPERIOR COURT NO. CGC-08-473739**

2  **PROOF OF SERVICE**

3  I, HELEN LAU, declare as follows:

4  I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza

5  Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

6  On May 21, 2008, I served the attached:

7  **ANSWER OF DEFENDANTS TO PLAINTIFFS'**
   **COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS**

8  on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

9

10  John Fitzpatrick Vannucci, Esq.               Robert Retana, Esq.
    Law Offices of John Fitzpatrick Vannucci      Administrative Office of the Courts
    120 Montgomery Street, Suite 1600             455 Golden Gate Avenue

11  San Francisco, CA 94104                       San Francisco, CA 94102
    Telephone:    (415) 981-7500                  Telephone:    (415) 865-7653

12  Facsimile:    (415) 981-5700                  *Attorney for Co-Defendants Hons Yung, Tess*
    *Attorney for Plaintiffs Ernest Jackson And*  *Cyndeki, Jennifer Ngo-Chan, and Linda*

13  *Daily Jackson*                               *Gorham*

14  and served the named document in the manner indicated below:

15  ☒  **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States

16     Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited,

17     postage prepaid, with the United States Postal Service that same day.

18  ☐  **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the**

19     **court.**

20  ☐  **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices

21     of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

22  ☐  **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-3837 to the persons and the fax

23     numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached or ☐ will**

24     **be filed separately with the court.**

25  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

26

27  Executed May 21, 2008, at San Francisco, California.

28                                        _____
                                          HELEN LAU

---

Answer to Complaint;                                      n:\lit\li2008\081241\00485561.doc
Jackson, et al. v. CCSF, et al. – SFSC No. CGC-08-473739

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  PAUL T. HAMMERNESS
   Supervising Deputy Attorney General
3  HARRY T. GOWER, III
   Deputy Attorney General, State Bar No. 170784
4  455 Golden Gate Avenue, Suite 11000
   San Francisco, CA  94102-7004
5  Telephone:  (415) 703-1336
   Facsimile:  (415) 703-5480
6  E-mail: Harry.Gower@doj.ca.gov

7  Attorneys for Defendants Hons Yung, Tess Cyndecki,
   Jennifer Ngo-Chan and Linda Gorham

8

MAY 1 9 2008

9               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF SAN FRANCISCO

11                                    Case No.  CGC-08-473739

12 ERNEST JACKSON and DAILY JACKSON,    ANSWER TO COMPLAINT BY
                                        DEFENDANTS HONS YUNG; TESS
                         Plaintiffs,    CYNDECKI; JENNIFER
13                                      NGO-CHAN; AND LINDA GORHAM
            v.
14
   CITY AND COUNTY OF SAN FRANCISCO;
15 HONS YUNG; TESS CYNDECKI;
   JENNIFER NGO-CHAN; LINDA GORHAM;
16 DEPUTY YOUNG; ANNA PAYNE; DON
   GARCIA; and DOES 1-40, inclusive,
17
                         Defendants.
18

19

20         Defendants Hons Yung, Tess Cyndecki, Jennifer Ngo-Chan and Linda Gorham, in

21 response to the complaint on file herein admit, deny, and allege as follows:

22         Under the provisions of section 431.30 of the Code of Civil Procedure of the State

23 of California, Defendants deny generally and specifically each and every allegation contained in

24 the Complaint and the whole thereof, and specifically deny that Plaintiffs have been damaged in

25 the sum or sums alleged, or in any sum or sums at all, or that Defendants or any agent or

26 employee thereof, committed any wrongful act or omission which caused Plaintiffs any injury or

27 damage whatsoever.

28

                                         1

ANSWER TO COMPLAINT                              *Jackson v. City & County of S.F., et al.*
                                                 Case No. CGC-08-473739

1                        AS SEPARATE AND AFFIRMATIVE DEFENSES, answering Defendants

2  allege as follows:

3           <u>AFFIRMATIVE DEFENSE NO. 1.</u>:

4                  The complaint and each cause of action therein fail to allege facts sufficient to

5  constitute a cause of action.

6  <u>AFFIRMATIVE DEFENSE NO. 2.</u>:

7                  Answering defendants were at all relevant times acting within the course and

8  scope of duty of public employment.

9  <u>AFFIRMATIVE DEFENSE NO. 3.</u>:

10                 Answering defendants owed no duty of care to the plaintiffs.

11  <u>AFFIRMATIVE DEFENSE NO. 4.</u>:

12                 Neither the public entity nor any employee within the scope of employment stood

13  in such a special relationship to any person alleged in the complaint so as to give rise to any duty

14  running to any person.

15  <u>AFFIRMATIVE DEFENSE NO. 5.</u>:

16                 Any and all alleged happenings and events, damages and injuries, if any there

17  were, were proximately caused and contributed to by the negligence of plaintiffs and others, each

18  and all of whom failed to exercise ordinary care at the times and places alleged in the complaint.

19  <u>AFFIRMATIVE DEFENSE NO. 6.</u>:

20                 This court lacks subject matter jurisdiction over the causes of action alleged in the

21  complaint herein because the allegations do not state a cause of action for Constitutional tort, or

22  any cause of action at all.

23  <u>AFFIRMATIVE DEFENSE NO. 7.</u>:

24                 Answering defendants have not deprived any person of any right, privilege or

25  immunity guaranteed by the Constitution or laws of the United States.  There has been no

26  deprivation of any right, privilege or immunity guaranteed by the laws or Constitution of the

27  United States.

28

2

1    AFFIRMATIVE DEFENSE NO. 8.:

2          The complaint fails to state a cause of action for violation of civil rights, as any

3    deprivation of civil rights alleged in the complaint was not without due process of law.

4    AFFIRMATIVE DEFENSE NO. 9.:

5          The complaint herein fails to state facts sufficient to constitute a cause of action in

6    that simple negligence is not a federal civil rights violation.

7    AFFIRMATIVE DEFENSE NO. 10.:

8          At all relevant times, defendant exercised due care and acted only in the execution

9    or enforcement of the law.

10    AFFIRMATIVE DEFENSE NO. 11.:

11          Answering defendants, at all times relevant herein, acted in a legislative, judicial,

12    quasi-legislative and quasi-judicial capacity and are entitled to absolute and unqualified official

13    immunity.

14    AFFIRMATIVE DEFENSE NO. 12.:

15          Answering defendants are entitled to qualified and official and quasi-judicial

16    immunity.  Defendants acted at all times herein relevant in good faith, with due care, within the

17    scope of discretion, and pursuant to laws, regulations, rules, and practices reasonably believed to

18    be in accordance with the Constitution and laws of the United States.  There is no liability

19    pursuant to the Federal Civil Rights Act where one acts in good faith and entertains an honest,

20    reasonable belief that one's actions are in accord with the clearly-established law.

21    AFFIRMATIVE DEFENSE NO. 13.:

22          There is no liability for any injury or damages, if any there were, resulting from an

23    exercise of discretion vested in a public employee, whether or not such discretion be abused.

24    (Gov. Code, §§ 815.2, 820.2.)

25    AFFIRMATIVE DEFENSE NO. 14.:

26          There is no liability in that the acts alleged in the complaint, if done at all, were

27    done in the execution and enforcement of the law while exercising due care.  (Gov. Code, §§

28    815.2, 820.4.)

3

ANSWER TO COMPLAINT                                    *Jackson v. City & County of S.F., et al.*
                                                       Case No. CGC-08-473739

1    AFFIRMATIVE DEFENSE NO. 15.:

2           There is no liability for any injury or damages, if any there were, for failure to

3    inspect or for the negligent inspection of property owned or controlled by a third party. (Gov.

4    Code, §§ 818.6, 821.4.)

5    AFFIRMATIVE DEFENSE NO. 16.:

6           There is no liability for any injury or damages, if any there were, caused by a

7    misrepresentation by any public employee, whether such misrepresentation was negligent or

8    intentional or not. (Gov. Code, §§ 818.8, 822.2.)

9    AFFIRMATIVE DEFENSE NO. 17.:

10          The complaint and each cause of action therein are barred and this court is without

11   jurisdiction as there has been a failure to exhaust administrative remedies.

12   AFFIRMATIVE DEFENSE NO. 18.:

13          This action is barred by the failure to precede the action with a claim as required

14   by Gov. Code sections 905.2, 905.7, 911.2, 915, 945.2 and 950.2.

15   AFFIRMATIVE DEFENSE NO. 19.:

16          Answering defendants made the statements and did the acts and made the

17   omissions alleged in the complaint, if at all, in the course of employment by the Superior Court

18   of the State of California and plaintiffs have failed to file a claim to the judicial branch entity as

19   required by Government Code section 915.

20   AFFIRMATIVE DEFENSE NO. 20.:

21          To the extent that any person was restrained or restricted in any way in the

22   incident alleged in the complaint, such restraint and restriction was a lawful detention rather than

23   an arrest.

24   AFFIRMATIVE DEFENSE NO. 21.:

25          There was reasonable cause to make the detention or arrest, if any there was,

26   alleged in the complaint.

27   ///

28

4

1  AFFIRMATIVE DEFENSE NO. 22.:

2          To the extent that the complaint herein seeks recovery on any common law tort

3  theory, any liability for common law tort must be diminished in proportion to the amount of fault

4  attributable to plaintiffs and others.

5  AFFIRMATIVE DEFENSE NO. 23.:

6          Should any plaintiff herein recover damages, the amount thereof should be abated,

7  apportioned and reduced to the extent that the negligence of any other person or entity caused or

8  contributed to damages, if any there were.

9  AFFIRMATIVE DEFENSE NO. 24.:

10          The complaint and each cause of action therein fail to allege facts sufficient to

11  state a claim for punitive damages.

12  AFFIRMATIVE DEFENSE NO. 25.:

13          Any award for punitive damages herein would result in a deprivation of rights

14  under the Constitutions of the United States and of the State of California in that:

15          1) Defendants would be placed in double jeopardy by being tried twice for the

16  same offense in contravention of the Fifth Amendment;

17          2) The statutes and laws purporting to prescribe criteria for an award for punitive

18  damages are vague in that they are not sufficiently specific to know what conduct will subject

19  one to such penalty;

20          3) Any award of punitive damages herein would violate the due process clauses of

21  the Constitutions of the United States and the State of California in that the standards for setting

22  such damages are void for vagueness and there is no objective standard for limiting the amount

23  of punitive damages;

24          4) Defendants would be required to be a witness in contravention of the Fifth

25  Amendment;

26          5) Such damages would be imposed without proof of guilt beyond a reasonable

27  doubt in contravention of the Sixth Amendment;

28

ANSWER TO COMPLAINT

*Jackson v. City & County of S.F., et al.*
Case No. CGC-08-473739

1    6) Defendants would be deprived of equal protection of the laws in contravention

2  of the Fifth and Fourteenth Amendments in that any award is based in part upon individual

3  wealth or economic status;

4    7) Such award for punitive damages would violate the equal protection clauses of

5  the Constitutions of the United States and the State of California in that it would encourage

6  disproportionate punishment without a rational basis and amount to an arbitrary classification;

7    8) Such damages would amount to excessive fines in contravention of the Eighth

8  Amendment; and

9    9) Defendants would be deprived in other ways of the right to due process of law.

10    By reason of the above premises, the award of punitive damages herein should not

11  be allowed.

12  AFFIRMATIVE DEFENSE NO. 26.:

13    Pursuant to Government Code sections 962 and 984, any judgment entered herein

14  may be paid by periodic payments rather than in a lump sum.

15  AFFIRMATIVE DEFENSE NO. 27.:

16    This action was filed and is maintained without reasonable cause and without a

17  good faith belief that there is a justifiable controversy under the facts and law to warrant the

18  filing of the pleading. As the proceeding arises under the California Tort Claims Act or is for

19  express or implied indemnity or for contribution in a civil action, answering defendants are

20  entitled to recover costs, including reasonable attorneys' fees, upon prevailing on summary

21  judgment, judgment before presentation of defense evidence, directed verdict, or nonsuit. (Code

22  Civ. Proc., § 1038.)

23  AFFIRMATIVE DEFENSE NO. 28.:

24    Answering defendants will be entitled to reasonable attorney fees and costs of suit

25  upon prevailing within the meaning of 42 United States Code section 1988.

26  ///

27  ///

28

6

ANSWER TO COMPLAINT

*Jackson v. City & County of S.F., et al.*
Case No. CGC-08-473739

1    WHEREFORE, Defendants pray that:

2    1. Judgment be rendered in favor of Defendants and against Plaintiffs; and

3    2. Plaintiffs take nothing by the Complaint; and

4    3. Defendants be awarded costs of suit incurred herein; and

5    4. Defendants be awarded such other and further relief as the Court may deem

6    necessary and proper.

7

8    Dated:   May 16, 2008

9                                    EDMUND G. BROWN JR., Attorney General
                                     of the State of California
                                     PAUL T. HAMMERNESS
10                                   Supervising Deputy Attorney General

11
                                     By: _____
12                                        HARRY T. GOWER, III
                                          Deputy Attorney General
13                                   Attorneys for Defendants Hons Yung, Tess
                                     Cyndecki, Jennifer Ngo-Chan and Linda Gorham
14
     40253811.wpd
15   SF2008401601

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *JACKSON, Ernest and Daily v. C&CSF et al.*

No.:   **CGC-08-473739**

I, Corazon Marcelino, declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004.

On <u>May 16, 2008</u>, I served the attached **ANSWER TO COMPLAINT BY DEFENDANTS HONS YUNG; TESS CYNDECKI; JENNIFER NGO-CHAN; AND LINDA GORHAM** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Francisco, California, addressed as follows:

**John Fitzpatrick Vannucci, Esq.**
**Law Offices of John Fitzpatrick Vannucci**
**120 Montgomery Street, Suite 1600**
**San Francisco, CA 94104**
*Attorney for Plaintiffs*

**Scott Wiener**
**Deputy City Attorney**
**Office of the City Attorney**
**1390 Market Street, 6th Floor**
**San Francisco, CA 94102**
*Attorney for City and County of San Francisco*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 16, 2008, at San Francisco, California.

|  |  |
|---|---|
| Corazon Marcelino | Signature |
| Declarant | |

40254866.wpd

1    <u>**JACKSON, ET AL. V. CCSF, ET AL.**</u>

2

3                                            <u>**PROOF OF SERVICE**</u>

4          I, HELEN LAU, declare as follows:

5          I am a citizen of the United States, over the age of eighteen years and not a party to the
within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza
6    Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

7          On May 22, 2008, I served the attached:

8                **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441**
            **(FEDERAL QUESTION JURISDICTION AND SUPPLEMENTAL JURISDICTION)**
                **BY DEFENDANT CITY AND COUNTY OF SAN FRANCISCO**
9                          **(28 U.S.C. §§ 1441, 1446)**

10                                       **DEMAND FOR JURY TRIAL**

11   on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed
     as follows:

12   John Fitzpatrick Vannucci, Esq.              Harry Gower, III, Esq.
     Law Offices of John Fitzpatrick Vannucci     Officer of the Attorney General
13   120 Montgomery Street, Suite 1600            455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94104                      San Francisco, CA 94102
14   Telephone:    (415) 981-7500                 Telephone:    (415) 703-1336
     Facsimile:    (415) 981-5700                 Facsimile:    (415) 703-5480
15   *Attorney for Plaintiffs Ernest Jackson And*  *Attorney for Co-Defendants Hons Yung, Tess*
     *Daily Jackson*                               *Cyndeki, Jennifer Ngo-Chan, and Linda*
16                                                 *Gorham*

17   and served the named document in the manner indicated below:

18   ☒      **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above
            documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States
19          Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and
            processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited,
20          postage prepaid, with the United States Postal Service that same day.

21          I declare under penalty of perjury under the laws of the State of California that the foregoing
     is true and correct.

22

23          Executed May 22, 2008, at San Francisco, California.

24

25                                    _____
                                               HELEN LAU
26

27

28